UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RALPH COUNTRYMAN, | ) | |
| Petitioner, | ) | 3:12-cv-00274-RCJ-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner has paid the filing fee for this action, therefore, his motion to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

By order filed May 30, 2013, the Court ruled that the amended petition was subject to dismissal because the petition failed to state a claim for habeas relief and that claims in the petition were unexhausted. (ECF Nos. 10).

Petitioner filed a motion for a stay. (ECF No. 12). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). In the instance case, the unexhausted claims are not potentially meritorious and petitioner has not shown good cause for the failure to exhaust his

1  claims in state court.  The motion for a stay is denied.  This action is dismissed for failure to exhaust
2  claims in the amended petition and for failure to state a cognizable habeas claim.  *See* ECF No. 10;
3  *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

4       **IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis*
5  (ECF No. 1) is **DENIED** as moot.

6       **IT IS FURTHER ORDERED** that petitioner's motion for a stay (ECF No. 12) is **DENIED.**

7       **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**
8  for failure to state a cognizable habeas claim and failure to exhaust claims.

9       **IT IS FURTHER ORDERED** that petitioner may file a new habeas petition in a new action,
10 once his claims are exhausted, but shall file no further documents in this case.

11      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**
12 **APPEALABILITY.**  Reasonable jurists would not find the dismissal of the improperly-commenced
13 action without prejudice to be debatable or wrong.

14      DATED this 18th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE